**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LUIS MERCADO,                                       :
                                                    :
                    Plaintiff,                      :
          v.                                        :        **3:22-CV-2068**
                                                    :        **(JUDGE MARIANI)**
UGI UTILITIES INC., et al.,                         :
                                                    :
                    Defendants.                     :

**MEMORANDUM OPINION**

**I. INTRODUCTION & BACKGROUND**

Plaintiff, Luis Mercado, commenced this action in the Court of Common Pleas of

Lackawanna County by filing a Writ of Summons (Doc. 1, Ex. 1) on December 19, 2022.

On December 29, 2022, Defendant UGI Utilities, Inc. ("UGI") filed a Notice of Removal

seeking to bring this matter into federal court on the basis of diversity jurisdiction. (Doc. 1).

In the removal notice, Defendant UGI asserts that removal is timely under 28 U.S.C. §

1446(b) and Federal Rule of Civil Procedure 6(a) "because this Notice of Removal is filed

within 30 days of receipt of the initial pleading, the Writ, by the Moving Defendant." (*Id*. at ¶

21).

On January 13, 2023, Plaintiff filed a Motion for Remand due to Lack of Subject

Matter Jurisdiction (Doc. 2) and supporting brief (Doc. 3). Plaintiff's Motion asserts, in

relevant part, that no complaint has been filed in this matter and that "Defendant's removal

of the instant action was premature and this Court lacks subject matter jurisdiction over this

action, since nothing was filed by Plaintiff except a Writ of Summons, before or since this action was removed, until the filing of this Motion." (Doc. 2, ¶ 8).

In response to Plaintiff's Motion, Defendant argues that Plaintiff does not challenge UGI's claim that complete diversity exists or "affirmatively state" that the amount in controversy is below the jurisdictional threshold. (Doc. 6). Defendant further asserts that because Plaintiff will not be able to show that this Court does not have subject matter jurisdiction on the basis of diversity once a Complaint is filed, Plaintiff's motion should be denied. (*Id.*).

Plaintiff's motion is now ripe for disposition. For the reasons that follow, Plaintiff's motion to remand (Doc. 2) will be granted.

## II. DISCUSSION

The statute governing the procedures for removing a civil case to federal court provides, in part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The Third Circuit has made clear that a writ of summons is not an "'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).[1]

---

[1] Defendant attempts to distinguish *Sikirica* from the present case by arguing that, unlike in *Sikirica*, here "there is no claim made by UGI that the Writ is 'insufficient to notify the defendant what the action is about for purposes of removal.'" (Doc. 6, at 3-4) (quoting *Sikirica*, 416 F.3d at 223). Defendant's argument

This "ruling has been interpreted in this District to mean that removal is not proper until a complaint has been served on the defendants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F.Supp.2d 568, 571 (E.D. Pa. 2013) (quotation marks omitted).  As such, "the removal of a Writ of Summons alone is premature" because a Court "cannot find in the Writ of Summons a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing [a federal court's] jurisdiction." *Gervel v. L & J Talent*, 805 F.Supp. 308, 309 n.4 (E.D. Pa. 1992).

Here, it is undisputed that Defendant UGI has sought to remove a writ of summons, not a complaint, to federal court.  (Doc. 1; Doc. 1, Ex. 1).  Without a complaint, Defendant is unable to establish that this Court has subject matter jurisdiction.  *See Gervel*, 805 F.Supp. at 309 n.4.  Accordingly, because Defendant's removal notice is premature, the Court will grant Plaintiff's motion and remand this matter to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Although UGI may be correct in asserting that, upon the filing of a complaint in this action, diversity of citizenship will exist such that this Court will have subject matter jurisdiction, until a complaint is filed, the Court is unable to

---

is entirely disingenuous and impermissibly limits the holding of *Sikirica*.  The *Sikirica* Court's statement that the writ of summons "contained no information about the nature of the action" provided only one of the three reasons for finding that "[a] summons may not serve as an initial pleading", *see Sikirica*, 416 F.3d at 222-223.  Rather, the Third Circuit's holding was absolute: "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)." *Id*. at 223.  This holding does not require, or even allow, a District Court to parse the Writ of Summons to determine whether a defendant can determine the nature of the action or the diversity of the parties based solely upon the Writ.

make such a determination.  *See In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F.Supp.2d at 571 (finding remand appropriate even when "it appears likely that once complaints have been filed the state-court actions will be removable").

### III. CONCLUSION

For the reasons outlined above, this Court will grant Plaintiff's motion (Doc. 2) and remand this matter to the Court of Common Pleas of Lackawanna County.  This ruling, however, will be without prejudice to Defendant's right to remove the action, if appropriate, after Plaintiff has filed a complaint in state court.  A separate Order follows.

Robert D. Mariani
United States District Judge